WATERFALL, ECONOMIDIS,
  CALDWELL, HANSHAW & VILLAMANA, P.C.
5210 E. Williams Circle, #800
Tucson, AZ  85711
(520) 745-7810

Barry Kirschner/SBN 005592
bkirschner@wechv.com
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Diana C. Anderson,<br>        Plaintiff,<br><br>vs.<br><br>Sun Life Assurance Co. of Canada;<br>and Community Health Systems,<br>        Defendants. | NO.  CV 12-145-TUC-CKJ<br><br>**Plaintiff's Motion to Allow Discovery in**<br>***Anderson*, a Case with De Novo Standard** |

Plaintiff Diana C. Anderson ("Anderson") files this Motion to Allow Discovery in this litigation.  All parties agree that *Anderson* is governed under the Employee Retirement Income Security Act ("ERISA") and that the trial court's decision in this case is *de novo*, not a review of a valid grant of discretion.

Anderson's position in this Motion is that *de novo* review calls for a plenary trial proceeding.  This position has not been accepted in the United States Court of Appeals for the Ninth Circuit which has not considered the recent decision of *Kappos v. Hyatt*, ___U.S.___, 132 S.Ct. 1690 (2012) and the application of its reasoning to ERISA as anticipated in *Krolnik v. Prudential Ins. Co. of America*, 570 F.3d 841, 843 (7th Cir. 2009).

For the reasons set forth below, discovery should be permitted in ERISA civil actions with *de novo* review, and specifically in *Anderson*.

**I.    FACTS**

Anderson was employed as a Registered Nurse ("RN") in the operating room ("OR") of Northwest Hospital ("NWH") in Tucson, Arizona.  She suffered a workplace

injury July 2008 but continued to work as an RN with an hourly salary of $39.55 through December 9, 2008. Anderson has not worked, or been able to work as an RN since December 2008. She accepted accommodated light-duty work with NWH in 2009, but her salary was lowered to $13.15 as a customer service representative, and later to work paying only $12.83.

Effective January 1, 2009, the insurer providing disability coverage for the entire group changed from Aetna to Sun Life Assurance Co. of Canada ("Sun Life"). The Sun Life contract includes a "continuity of coverage" provision which starts by explaining its purpose: "In order to prevent loss of coverage for an Employee when this Policy replaces a group LTD policy the Employer had in force with another insurer immediately prior to January 1, 2009 . . . Sun Life will provide the following coverage."

Although Anderson met all criteria for medical disability and LTD benefits when Sun Life made its adverse decision denying STD benefits, Anderson was never informed that the LTD policy did not have a comparable exclusion for injuries which had occurred at work. Sun Life did nothing to process an LTD claim. In July 2009, Anderson's requests for a copy of the relevant insurance policy were denied.

Defendant Sun Life takes the position that Anderson waived her LTD rights regardless of her medical inability to perform the occupation of RN. "When the (accommodated) position was made permanent in August 2009, Plaintiff applied for and was hired for the position. Plaintiff's position as a Patient Satisfaction Representative required light physical capacity."

## II.   ERISA LITIGATION IS A CIVIL ACTION, SUBJECT TO THE FEDERAL RULES OF CIVIL PROCEDURE

ERISA authorizes a "civil action" to enforce statutory rights. 29 U.S.C. § 1132(a)(1)(B). The Federal Rules of Civil Procedure ("FRCP") govern the procedure of civil actions filed in the United States District Court. FRCP 1. There is no part of ERISA

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810

BK/gg/6/29/12
Plt Mot to Allow Disc FNL.wpd

2

*Anderson v. Sun Life, et al.*
CV new

which explicitly exempts civil actions filed under its jurisdiction from the FRCP. In civil actions, parties are routinely permitted to seek discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. FRCP 26(b).

The United States Supreme Court recently reviewed the question of whether, where a statute authorizing a "civil action" within federal jurisdiction is silent about evidentiary or procedural limitations, the FRCP, and Federal Rules of Evidence ("FRE") are fully applicable. *Kappos v. Hyatt*, __U.S. __, 132 S.Ct. 1690 (2012). In that patent case, the court concluded that the introduction of new information is subject only to the FRCP and Federal Rules of Evidence ("FRE").

*Kappos* considered what procedures were available in a "civil action" authorized by 35 U.S.C. § 145. Section 145 is one of two paths to appeal the denial of a patent application. Section 141 permits an <u>appeal</u> to the Federal Circuit if the Board of Patent Appeals ("PTO") denies an application. The applicant may, as an alternative procedure, file a <u>civil action</u> against the PTO under section 1455.

Under section 145, the applicant is permitted to present evidence that had not been presented to the PTO. The PTO took the position that no evidence should be allowed where there had been a previous opportunity to present it; and that ,where new evidence was introduced, it should result in overturning of a decision only if the new evidence established that the agency erred. The PTO relied on background principles of administrative law.

After reviewing the statute and its predecessors, the High Court agreed with the Federal Circuit decision, *Hyatt v. Kappos*, 625 F.3d 1320, 1331 (Fed. Cir. 2010) that Congress intended that the only restriction on the admissibility of evidence at the section 145 hearing would be the rules applicable to all civil actions, the FRCP and the FRE. 132 S. Ct. at 1700.

In a civil action, the District Court acts as a fact finder and must assess the

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810

BK/gg/6/29/12
Plt Mot to Allow Disc FNL.wpd

3

*Anderson v. Sun Life, et al.*
CV new

credibility of new witnesses and other evidence.  *Id.*  The Court concluded that the *de novo* standard is adhered to where the trial is conducted "according to the ordinary course of equity practice and procedure."

The Supreme Court had previously addressed these concepts in *Chandler v. Roudebush*, 425 U.S. 840 (1976), an employment discrimination case.

> "In most instances, of course, where Congress intends review to be confined to the administrative record, it so indicates, either expressly or by use of a term like 'substantial evidence,' which has 'become a term of art to describe the basis on which an administrative record is to be judged by a reviewing court.'  *Ibid.*   *E.g.*, 5 U.S.C. § 706 (scope-of-review provision of Administrative Procedure Act); 12 U.S.C. § 1848 (scope-of-review provision applicable to certain orders of the Board of Governors of the Federal Reserve System); 15 U.S.C. § 21 (c) (scope-of-review provision applicable to certain orders of the Interstate Commerce Commission, the Federal Communications Commission, the Civil Aeronautics Board, the Federal Reserve Board, and the Federal Trade Commission); 21 U.S.C. § 371 (f)(3) (scope-of-review provision applicable to certain orders of the Secretary of Health, Education, and Welfare)."

425 U.S. at 862 n. 37.

There is no language in ERISA which explicitly, or implicitly, restricts the availability of the FRCP including discovery.  The principles stated in *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101 (1989) were followed in *Krolnik v. Prudential Ins. Co. of America*, 570 F.3d 841, 843 (7th Cir. 2009).  ERISA plan participants seeking benefits in litigation under a *de novo* standard were held to be procedurally no different from litigants in traditional contract litigation.  "In a contract suit the judge. . . takes evidence (if there is a dispute about a material fact) and makes an independent decision about how the language of the contract applies to these facts."  *Id.*

*Krolnik* analyzes the Firestone holding and concludes that, in context, *de novo* review really means an independent decision based on the facts and information, including procedures normally available to trial courts in civil contract litigation.

> Firestone holds that "*de novo* review" is the norm in litigation under ERISA. Cases such as this show that "*de novo* review" is a misleading phrase. The law Latin could be replaced by an English word, such as "independent."

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ  85711
520-745-7810

BK/gg/6/29/12
Plt Mot to Allow Disc FNL.wpd

4

*Anderson v. Sun Life, et al.*
CV new

> And the word "review" simply has to go.  For what *Firestone* requires is not "review" of any kind; it is an independent *decision* rather than "review" that *Firestone* contemplates.  The Court repeatedly wrote that litigation under ERISA by plan participants seeking benefits should be conducted just like contract litigation, for the plan and any insurance policy are contracts.  489 U.S. at 112-13, 109 S.Ct. 948.  In a contract suit the judge does not "review" either party's decision.  Instead the court takes evidence (if there is a dispute about a material fact) and makes an independent decision about how the language of the contract applies to those facts.

*Krolnik, supra* at 843; *Moon v. American Home Assurance Co.*, 888 F.2d 86, 89 (11th Cir. 1989).

*Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995) has been followed in a line of cases allowing limited evidence where ERISA *de novo* review applies.  In less than two pages, *Mongeluzo* considered whether the District Court erred by failing to consider new medical evidence.  Following the Third, Fourth, Seventh, Eight and Eleventh Circuits on the matter, the court declared a review of the administrative record procedure which allowed additional evidence where necessary to make the review adequate.  *Id.* at 944.

*Mongeluzo* was followed by a number of the judges in *Kearney v. Standard Insurance Company*, 175 F.3d 1084 (9th Cir. 1999) (en banc); and by the panel in *Opeta v. Northwest Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007).  But the statutory language of ERISA speaks in terms of civil actions, not using terms of art from the Administrative Procedures Act like "substantial evidence".  *See Chandler, supra* 425 U.S. at 862 n. 37.  The statutory intent favors employee security.  29 U.S.C. § 1001(b).

*Mongeluzo* cited the Seventh Circuit as one of those it followed when it committed the Ninth Circuit to the current standard.  The Seventh Circuit in *Krolnick* gave a scholarly review of ERISA, relevant statutory construction, and *de novo* review.  *Krolnick* concluded that the trial court should treat the *de novo* ERISA action more like a traditional contract action than an administrative review.  In no case has there been consideration of the

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810

BK/gg/6/29/12
Plt Mot to Allow Disc FNL.wpd

5

*Anderson v. Sun Life, et al.*
CV new

*Krolnik* opinion's logic in the Ninth Circuit.  *Kappos* is completely consistent with the reasoning set forth in *Krolnik* and should be adopted as applicable to procedures in ERISA *de novo* cases.  *E.g., see Edgar v. Disability Reinsurance Management Services*, 741 F.Supp.2d 1268, 1271-272 (N.D. Ala. 2010).

The cases cited by Sun Life Assurance Co. of Canada ("Sun Life") in support of prohibiting discovery are not authoritative on this point of statutory interpretation.  *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955 (9th Cir. 2006) represented a great advance, generally anticipating the outcome of the Supreme Court in *Metropolitan Life v. Glenn*, 554 U.S. 105 (2008).  *Abatie* recognized that "discretion" does not defeat the ability of an ERISA plaintiff to present evidence of a conflict of interest.  The conflict of interest which is inherent in the insurance company acting as a fiduciary while being overly stingy in handing out its own money in benefits must be considered in evaluating the substantive benefits decision.  *Id.* 458 F.3d at 966-74.

*Abatie* restated propositions discussed in *Mongeluzo*.  It never considered the decisive analysis of a "civil action" which is stated in *Kappos*.  The FRCP apply to civil litigation unless a statute states otherwise.  ERISA does not state otherwise.  The FRCP, including Rule 26, and discovery apply to ERISA benefits litigation, no different than they apply to contract litigation.  *Krolnik*, 570 F.3d *supra* at 843.

For the reasons set forth above, a plenary trial with discovery and the standard application of the FRCP and FRE is appropriate for this ERISA case.

**III.  ANDERSON HAS EXTRAORDINARY CIRCUMSTANCES TO ALLOW DISCOVERY EVEN IF THE COURT REJECTS THE REASONING OF *KAPPOS* AND CONTINUES TO FOLLOW *MONGELUZO*.**

Assuming *arguendo* that the Court does not follow *Kappos* and *Krolnik*, Anderson still is entitled to discovery because of the exceptional circumstances of her case. *Mongeluzo* recognizes that extra evidence may be necessary where the Plan Administrator may have incorrectly interpreted the Plan.  46 F.3d at 943-44.  In *Anderson*, the purpose

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810

BK/gg/6/29/12
Plt Mot to Allow Disc FNL.wpd

6

*Anderson v. Sun Life, et al.*
CV new

of the Continuity of Coverage clause is clear and set forth at the beginning of the contractual provision.  *Compare* Complaint (Doc. 1) paragraphs 33-40 and Sun Life's Answering paragraphs (Doc. 20).  The discovery used as illustrative of what Anderson proposes in her contribution to the Joint Scheduling Report (Doc. 24) is aimed at gathering information on this critical point.[1]

As applied to *Anderson*, Sun Life should be held to explain its position that, because Anderson accepted and later applied for a light duty job paying about 30% of her wage as an Registered Nurse ("RN"), she lost her opportunity to collect long term disability benefits. Community Health Systems ("CHS") should disclose information which may be in its possession about Sun Life unreasonably interpreting its Continuity of Coverage provision, or for both Defendants from providing all documentation which may be helpful in interpreting that provision as it applies to *Anderson*.  *See Anderson* Complaint (Doc.1) paragraph 77 and Defendant Sun Life's response in its Answer (Doc 20).

Other categories of legitimate discovery for Anderson in this *de novo* case include:

- The potential bias of medical reviewers or medical reviewing agencies used by Sun Life; *Nolan v. Heald College*, 551 F.3d 1148, 1155 (9th Cir. 2009); *Waggener v. Unum Life Ins. Co. of America*, 238 F.Supp.2d 1179, 1187 (S.D.Cal. 2002);

- The reason critical information including the insurance Policy(s) was not provided timely upon Anderson's request, and why Anderson was told by Sun Life (on July 15, 2009) that the contract was not "finalized" and therefore could not be provided to Anderson.  *See* Complaint (Doc. 1) paragraphs 31-32 and Sun Life responses in its Answer (Doc. 20); and

- Conflicts of interest and how they may have been manifested in the handling

---

[1]  The discovery listed in Document 24 illustrates but is not an exhaustive list of discovery Anderson will seek if permitted by the Court.

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810

BK/gg/6/29/12
Plt Mot to Allow Disc FNL.wpd

7

*Anderson v. Sun Life, et al.*
CV new

1  of the specific claim or formation of policies on how to interpret Claims
2  Administrator or Plan Administrator's obligations. *Waggener, supra*, 238
3  F.Supp.2d at 1186-88.

**IV.  CONCLUSION**

For the reasons set forth above, Anderson is entitled to discovery as if this were any other "civil action" such as for breach of contract, or in the alternative because exceptional circumstances cause justice to be served by allowing discovery specific to her claim and the administration of Defendants.

RESPECTFULLY SUBMITTED June 29, 2012

      WATERFALL, ECONOMIDIS, CALDWELL,
        HANSHAW & VILLAMANA, P.C.

      By  s/Barry Kirschner
         Attorneys for Plaintiff

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810

BK/gg/6/29/12
Plt Mot to Allow Disc FNL.wpd

8

*Anderson v. Sun Life, et al.*
CV new

**CERTIFICATE OF SERVICE**

I hereby certify that, on June 29, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to:

William M. Demlong
Aeryn A. Heidemann
**KUNZ PLITT HYLAND & DEMLONG**
3838 N. Central Avenue, Suite 1500
Phoenix, Arizona 85012-1902
wmd@kunzlegal.com; aah@kunzlegal.com
Attorneys for Defendant Sun Life
Assurance Co. of Canada

John M. Scannapieco
BRADLEY ARANT BOULT CUMMINGS, LLP
1600 Division Street, Suite 700
Nashville, Tennessee 37203
jscannapieco@babc.com
Attorneys for Community Health Systems

Courtesy copy hand delivered to The Honorable Cindy K. Jorgenson

By s/Glades Guisinger

WATERFALL, ECONOMIDIS
5210 E WILLIAMS CIR #800
TUCSON, AZ 85711
520-745-7810

BK/gg/6/29/12
Plt Mot to Allow Disc FNL.wpd

9

*Anderson v. Sun Life, et al.*
CV new