John M. Scannapieco (Tenn. Reg. No. 14473)
**BRADLEY ARANT**
**BOULT CUMMINGS LLP**
1600 Division St., Suite 700
Nashville, Tennessee 37203
Tel: (615) 252-2352
jscannapieco@babc.com

Attorneys for Defendant Community
Health Systems

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Diana C. Anderson,<br><br>Plaintiff,<br><br>v.<br><br>Sun Life Assurance Co. of Canada; and Community Health Systems,<br><br>Defendants. | No. CV12-00145 CKJ<br><br>**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |

CHS/Community Health Systems, Inc. ("CHS/") submits its response on behalf of the Defendant, "Community Health Systems," a non-existent entity[1], in opposition to Plaintiff Diana C. Anderson's motion for leave to file an amended complaint to add CHS/Community Health Systems, Inc. ("CHS/") as a defendant and to assert two claims against CHS/: (1) a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), Section 502 (a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended

[1] As discussed below, Community Health Systems" is a trade name, not a legal entity. Nonetheless, a response is being filed on behalf of "Community Health Systems" by CHS/Community Health Systems, Inc. in order to avoid the entry of an order granting

("ERISA") and (2) a claim for the statutory penalty against under 29 U.S.C. § 1132(c)(1), Section 502(c)(1) of ERISA.[2]

## I. INTRODUCTION

In her original Complaint, Plaintiff asserted a single cause of action against "Community Health Systems" under 29 U.S.C. § 1132(c), Section 502(c) of ERISA, to recover the statutory penalty premised upon "Community Health Systems'" alleged failure to provide to Plaintiff certain documents that she claims she requested from her employer, Northwest Hospital, LLC d/b/a Northwest Medical Center, and the insurer, Sun Life Assurance Co. of Canada ("Sun Life"). CHS/ appeared on behalf of "Community Health Systems," alerting Plaintiff that "Community Health Systems" is not a legal entity.[3] CHS/ further informed Plaintiff that that even if "Community Health

---

the requested relief against a non-entity which would result in the needless waste of court and party resources.

[2] Plaintiff's proposed amended complaint also deletes "Community Health Systems" as a defendant.

[3] Specifically, CHS/ averred in the Answer that it filed in this action:

> "Community Health Systems" is a trade name, not a legal entity. For this reason alone, Plaintiff's Complaint against "Community Health Systems" should be dismissed and/or Plaintiff should be required to file an Amended Complaint identifying the correct party defendant. Nonetheless, an answer is being filed on behalf of "Community Health Systems" by CHS/Community Health Systems, Inc. in order to avoid the entry of a default judgment against a non-entity which would result in the needless waste of court and party resources. Answer, n.1. In connection with the Initial Case Management Conference, counsel for CHS/ also informed Plaintiff's counsel that CHS/ did not do business as "Community Health Systems" and was not known as "Community Health Systems." Joint Report for Scheduling Conference [doc. no. 24], n1.

Systems" was a viable legal entity, it is not the Administrator (as that term is defined under ERISA) of the CHS/Community Health Systems, Inc. Welfare Benefit Plan (the "Plan") and, therefore, that "Community Health Systems" cannot be liable for statutory penalties under § 1132(c). CHS/ explained to Plaintiff that she had not and could not allege that "Community Health Systems" failed to respond to a written request for documents or information identified in 29 U.S.C. § 1024(b)(4), Section 104(b)(4) of ERISA, because no such request had ever been made.

In an attempt to rectify the pleading deficiencies in her Complaint, Plaintiff recently filed a motion to amend her complaint requesting leave of Court to (i) substitute CHS/ for the previously-identified "Community Health Systems" as a defendant, (ii) add CHS/ as a defendant in her "declaratory judgment" claim for benefits under § 1132(a)(1)(B); and (iii) add CHS/ as a defendant to her claim for the statutory penalty under § 1132(c). The Court should deny Plaintiff's Motion to Amend because the Plaintiff's proposed amendments cannot withstand a motion to dismiss and, therefore, are futile.

In the present case, Plaintiff fails to state a claim against CHS/ with respect to her claim for the statutory penalty because Plaintiff does not allege that she sent a <u>written request</u> to CHS/ for specific plan information identified in § 1024(b)(4), or, to the extent the Court construes any request for information made by the Plaintiff as a proper request to CHS/ for plan documents under § 1024(b)(4), Plaintiff does not allege that CHS/ failed to provide her with the requested information that it is required to provide under

§ 1024(b)(4) within the time provided in the statute. Similarly, Plaintiff's proposed Amended Complaint fails to state a claim against CHS/ with respect to her claim for benefits under § 1132(a)(1)(B) because CHS/ is not responsible for the administration of Plaintiff's claim for long term disability benefits and Sun Life is solely responsible for determining claims eligibility and paying any long term disability benefits that are due. Plaintiff's proposed amendment fails to state a claim against CHS/ upon which she is entitled to any relief as a matter of law and, therefore, the Court should deny her request for leave to amend on the grounds that her proposed amendments are futile.

## II. ARGUMENT

### A. Plaintiff's proposed amendments cannot withstand a motion to dismiss and, therefore, the Court should deny Plaintiff's Motion on the basis that the proposed amendments are futile.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "a party may amend its pleading only with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). While there is a presumption in favor of granting a motion to amend, the court's discretion to grant leave to amend is not without limitation. The United States Court of Appeals for the Ninth Circuit has identified four factors that limit a party's ability to amend her pleading: (i) undue delay, (ii) bad faith or dilatory motive, (iii) futility of amendment, and (iv) prejudice to the opposing party. *Amerisource Bergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). Whether an amendment is futile depends on whether it would survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

*Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)(*citing Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)(motion to amend to add health plan denied as futile where plaintiffs not entitled to benefits under terms of plan)). When it is clear that the deficiencies of the proposed amended complaint cannot be cured, leave to amend is generally denied. *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658-59 (9th Cir. 1992).

Whether a proposed amendment can withstand a motion to dismiss is viewed under the same standard as a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[4] A court is required to dismiss a complaint for failing to state a claim if the

---

[4] In support of its brief in opposition to Plaintiff's Motion to Amend, CHS/ relies upon the a copy of the Group Long Term Disability Insurance Policy No. 10471-002 (the LTD Policy") issued by Sun Life to CHS/ to fund LTD benefits under the Plan, a copy of which is attached to the contemporaneously filed Notice of Filing of Appendix as Exhibit A, and the Declaration of John M. Scannapieco, Esq., a copy of which is attached to the Notice of Filing of Appendix as Exhibit B. While review of a motion to dismiss generally is limited to the allegations included in the complaint, a reviewing court:

> may consider evidence on which the complaint 'necessarily relies' if (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.
>
> …
>
> The court may treat such a document as 'part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6).'

*Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)(citations omitted). In the present case, Plaintiff's proposed amended complaint refers to the Plan and the LTD Policy in connection with her claim for benefits (*See, e.g.*, Proposed Amended Complaint, ¶ ¶ 8, 33-35, 74, 102-103, 120, and 131). In addition, the Plaintiff alleges that CHS/, her former employer and Sun Life each have failed to provide her with copies of necessary documents, but fails to identify her specific written request to the Plan Administrator, CHS/ or the documents that she allegedly has not received. (*See, e.g.*, Proposed Amended Complaint, ¶ ¶ 133-134 and 138). In his Declaration, John M. Scannapieco,

complaint "fails to contain sufficient factual allegations, accepted as true, to 'state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim has "facial plausibility" when it contains sufficient "factual content [to] allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (*citing Twombly*, 550 U.S. at 556

As a matter of law, Plaintiff cannot assert a claim against CHS/ to recover the statutory penalty under § 1132(c) because Plaintiff did not make a written request for plan documents to CHS/ as required by § 1024(b)(4) and, to the extent the Court construes any request for information made by the Plaintiff as a proper request for plan documents under § 1024(b)(4), CHS/ timely provided Plaintiff's counsel with all documents and information required to be disclosed under the statute. As a result, Plaintiff 's proposed amended complaint does not include any allegations that Plaintiff

---

counsel for CHS/, describes a telephone conversation with Plaintiff's counsel immediately after Plaintiff filed her original Complaint where Plaintiff's counsel indicated that Plaintiff did not send a written request to CHS/ and that the only documents that Plaintiff had not received were documents related to CHS/'s negotiations with Sun Life regarding the "continuity of coverage" provision that is included in the LTD Policy. Declaration of John M. Scannapieco, Esq., ¶ 5, Notice of Filing Appendix, Exhibit B. Based on the allegations included in Plaintiff's proposed amended complaint, the LTD Policy is central to Plaintiff's proposed claim for benefits and the Declaration of John M. Scannapieco, Esq. is central to Plaintiff's proposed claim for the statutory penalty, and the Court should consider both in connection with its evaluation of Plaintiff's proposed amendments. *See Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994)(*quoting 5 Charles Alan Wright & Arthur R. Miller*, *Federal Practice and Procedure* § 1327, at 762-63 (2d ed. 1990)("when [the] plaintiff fails to introduce a pertinent document as part of his pleading, [the] defendant may introduce the exhibit as part of his motion attacking the pleading")), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir.2002).

sent a <u>written request</u> to CHS/ for the specific plan information identified in § 1024(b)(4), or any allegations that CHS/ failed to provide her with the requested information that it is required to provide under § 1024(b)(4) within the time provided in the statute. Consequently, Plaintiff cannot state a claim for the statutory penalty under § 1132(c) as a matter of law, thereby rendering her proposed claim futile.

Similarly, as a matter of law, Plaintiff cannot maintain a separate claim against CHS/ to recover plan benefits under § 1132(a)(1)(B) because CHS/ delegated authority to administer claims and to determine eligibility for long-term disability benefits under the Plan to Sun Life. As a result, CHS/ did not have any involvement with the administration of Plaintiff's claim for long term disability benefits, including Sun Life's determination that Plaintiff was not eligible to receive long term disability benefits. In addition, benefits under the long term disability portion of the Plan are funded through a group long term disability insurance policy (the "LTD Policy") issued by Sun Life to CHS/. Therefore, if Plaintiff prevails on her claim for benefits, Sun Life, not CHS/, is obligated to pay any LTD benefits that may be due. In fact, Sun Life has acknowledged that if the Court overturns Sun Life's determination that Plaintiff was not entitled to plan benefits, it (and not CHS/) is liable for plan benefits. Because CHS/ is not responsible for the administration of Plaintiff's claim for long term disability benefits and Sun Life is solely responsible for determining claims eligibility and paying any long term disability benefits that are due under the LTD Policy, CHS/ is not a necessary party defendant to Plaintiff's claim for benefits under § 1132(a)(1)(B). Plaintiff's proposed claim against CHS/ to

recover LTD benefits under the LTD Policy cannot withstand a motion to dismiss and, therefore, Plaintiff's proposed amendment is futile.

### B. Plaintiff cannot state a claim against CHS/ to recover the statutory penalty under § 1132(c) because Plaintiff cannot plead the essential elements of a claim under § 1132(c) as a matter of law.

Plaintiff's statutory penalty claim cannot survive a motion to dismiss because Plaintiff cannot plead that she made a written request to CHS/ for copies of certain documents within the scope of § 1024(b)(4) or that to the extent the Court construes any request for information by the Plaintiff as a proper written request under the statute, Plaintiff cannot plead that CHS/ failed to provide her with copies of any documents that is was required to provide to Plaintiff under § 1024(b)(4) in a timely manner. Accordingly, the Court should deny her proposed amendment on the basis that it is futile.

Count II of Plaintiff's Proposed Amended Complaint attempts to assert a claim for "statutory damages" against CHS/ under 29 U.S.C. § 1132(c)(1). Section 1132(c)(1) of ERISA provides that "[a]ny administrator . . . who fails or refuses to comply with a request for any information which such administrator is required by this title to furnish to a participant or beneficiary" within thirty days of the request may, in the court's discretion, be liable to the participant or beneficiary in an amount up to $110.00 per day from the date of such failure or refusal. 29 U.S.C. § 1132(c)(1)(B). While not referenced in Plaintiff's original Complaint or proposed amended Complaint, Plaintiff's claim for an award of the statutory penalty under § 1132(c) is premised upon the alleged failure of CHS/ to comply with any disclosure obligations that it may have under 29 U.S.C.

§ 1024(b)(4), Section 104(b)(4) of ERISA. Specifically, § 1024(b)(4) provides, in pertinent part:

> The [Plan] administrator shall, upon written request of any participant or beneficiary, furnish a copy of the latest updated summary plan description, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

29 U.S.C. § 1024(b)(4)(emphasis added). Thus, to state a claim for relief under § 1132(c), a plaintiff must allege: "(1) that he is a plan participant or beneficiary; (2) that he has made a written request to the plan administrator for information that falls within the purview of [§ 1024(b)(4)]; and (3) that the plan administrator failed to provide the requested documents that it is required to provide within thirty days of the written request." *Wargotz v. NetJets, Inc.*, No. 09-4789, 2010 WL 1931247, at *3 (D.N.J. May 13, 2010).

In her proposed Amended Complaint, Plaintiff alleges that "on multiple occasions," she or her attorney "requested necessary documentation from the Plan Administrator through NMC, Sun Life, and directly to CHS," and that "[t]he Plan Administrator and its representatives failed to timely and appropriately respond to these legitimate requests for information." *See* Proposed Amended Complaint, ¶¶ 133-34. Plaintiff's allegations fail to state a claim for the statutory penalty because they fail to include the essential elements of a claim for the statutory penalty under § 1132(c). First, Plaintiff fails to allege that she made a specific written request to the Administrator of the Plan, CHS/, for documents/information identified in § 1024(b)(4). *Serpa v. SBC*

*Telecommunications, Inc.*, No. C03-4223, 2004 WL 3204008, at *3 (N.D. Cal. Dec. 8, 2004) (citation omitted) (noting that a plaintiff seeking statutory penalties "must identify a specific, *written* request for plan documents" in order to state a claim for violation of Section 1024(b)(4) (emphasis in original)); *see also Colarusso v. Transcapital Fiscal Sys., Inc.*, 227 F.Supp.2d 243, 258 (D.N.J. 2002) (civil penalties may not be imposed based on an oral request for plan information). By failing to identify a specific written request for documents/information to CHS/, Plaintiff cannot establish an essential element of her claim for the statutory penalty under § 1132(c). Consequently, her failure to allege in her proposed amended complaint that she or her counsel sent a written request for documents identified in § 1024(b)(4) precludes the Plaintiff from obtaining any relief under § 1132(c) and renders her proposed amendment futile.

Next, Plaintiff alleges that she requested "necessary" documentation, but she does not allege that she requested any of the specific information that falls within the scope of § 1024(b)(4). Instead, her allegations in her proposed amended complaint are vague and unspecific. *See* Proposed Amended Complaint, ¶¶ 133-134 and 138. Specifically, Plaintiff simply alleges that she and her counsel requested "necessary documentation." To state a claim for statutory penalties under § 1024(b)(4), the Plaintiff must allege that she requested and that CHS/ failed to provide copies of the documents specifically identified in § 1024(b)(4). *Serpa*, 2004 WL 3204008, at *3. This level of specificity is required because a failure to provide documents outside those identified in 29 U.S.C. § 1024(b)(4) is not actionable. *Brown v. J.B. Hunt Transp. Servs., Inc.*, 586 F.3d 1079,

1088-89 (8th Cir. 2009); *Ames v. Am. Nat'l Can Co.*, 170 F.3d 751, 758 (7th Cir. 1999) ("the affirmative obligation to disclosure materials under ERISA, punishable by penalties, extends only to a defined set of documents").

An administrator's disclosure obligation under § 1024(b)(4) is limited. Section 1024(b)(4) only requires a plan administrator to disclose a copy of "the latest updated summary plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract or other instruments under which the plan is established or operated." 29 U.S.C. § 1024(b)(4). In this case, Plaintiff does not identify the specific documents that she claims she requested from CHS/ (assuming she even made a written request, which CHS/ disputes) and that she claims CHS/ failed to provide. In fact, the Plaintiff does not complain that CHS/ failed to provide any of the documents identified in § 1024(b)(4). Instead, the sole basis of Plaintiff's claim for the statutory penalty is CHS/'s alleged failure to provide documents related to negotiations that it may have had with Sun Life regarding the "continuity of coverage" provision included in the LTD Policy. Declaration of John M. Scannapieco, Esq., ¶ 5, Notice of Filing Appendix, Exhibit B. Putting aside for the moment whether such negotiations even occurred, documents regarding negotiations with respect to the terms of the LTD Policy do not fall within the scope of documents that must be disclosed under § 1024(b)(4). *See* 29 U.S.C. § 1024(b)(4). As discussed above, Plaintiff's failure to identify the specific information she claims to have requested and that CHS/ allegedly has failed to provide in response to such alleged written request and her failure to allege

that this information falls within the scope of § 1024(b)(4) renders her unable to satisfy an essential element of claim for the statutory penalty under § 1132(c).

In the present case, the Plaintiff has failed to plead (i) that she made a written request to the Plan's Administrator, CHS/, to furnish any of the documents and information specifically identified in § 1024(b)(4) and (ii) that CHS/ failed to provide Plaintiff or her counsel with a copy of any of the documents that § 1024(b)(4) require it to provide. Because Plaintiff's Complaint fails to allege essential elements of a claim against CHS/ for the statutory penalty under § 1132(c), the proposed amendment cannot withstand a motion to dismiss and Plaintiff's Motion to Amend should be denied on the basis of futility of the proposed amendment.

**C. Plaintiff cannot state a claim against CHS/ to recover LTD benefits under § 1132(a)(1)(B) as a matter of law because CHS/ delegated all authority to administer claims to Sun Life and Sun Life is obligated to pay any benefits that may be due.**

In her proposed amended complaint, Plaintiff also attempts to assert a claim against CHS/ for benefits under § 1132(a)(1)(B). Specifically, the Plaintiff alleges that both Sun Life and CHS/ violated their respective unspecified duties "by not causing benefits to be paid to [Plaintiff]" and she requests the Court enter an order requiring the Defendants to pay the benefits that may be due under the LTD Policy. Proposed Amended Complaint, ¶¶ 130-132. Putting aside for a moment whether Plaintiff's claim seeking a declaratory judgment is even a proper claim for benefits under ERISA under the circumstances, CHS/ asserts that it is not a proper party defendant to such clam and that, as a result, Plaintiff's proposed amendment cannot withstand a motion to dismiss and is futile.

Long term disability benefits under the Plan are funded by a group long term disability insurance policy issued by Sun Life to CHS/. LTD Policy, SL/ANDERSON 000301, Notice of Filing of Appendix, Exhibit A. In accordance with the express terms of the LTD Policy, CHS/ has delegated full authority to administer claims for long term disability benefits under the LTD Policy to Sun Life, including determining eligibility for benefits and the payment of benefits. LTD Policy, SL/ANDERSON 000346-000347, Notice of Filing of Appendix, Exhibit A. Because CHS/ does not control the administration of claims or payment of benefits under the LTD Policy, CHS/ is not a proper party to a claim seeking the recovery of disability benefits under ERISA. *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3de 1202, 1206-07 (9th Cir. 2011)(*en banc*); *Krieger v. Nationwide Mut. Life Ins. Co.*, 2012 WL 1029526, at *2-3 (D. Ariz. March 27, 2012).

While courts located within the Ninth Circuit have yet to address the issue, as a general rule in a number of circuits, the proper party defendant in an action for benefits under an ERISA plan is the party that controls administration of the plan. *Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997); *Cintron-Serrano v. Bristol-Myers Squibb Puerto Rico, Inc.*, 497 F.Supp.2d 272 (D.P.R. 2007)(*citing Terry v. Bayer Corp.*, 145 F.3d 28, 36 (1st Cir. 1998); *see also Moss v. Unum Life Ins. Co. of Am.*, 2010 WL 3829203 (W.D. Ky. Sept. 24, 2010). For example, where a plan administrator has delegated the responsibility for claims administration to an insurance company, the insurance company is liable for a wrongful denial of benefits because it is the appropriate fiduciary with respect to that claim for purposes of ERISA. *Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 438 (6th Cir. 2006). Stated another way, the entity that "does not control or influence the decision to deny benefits is not the fiduciary with respect to the

denial of benefit claims" and is not a proper party defendant with respect to a claim for benefits. *Moore*, 458 F.3d at 438. This is true even where that entity is identified as the "plan administrator" of the plan at issue. *Moore*, 458 F.3d at 438; *Moss*, 2010 WL 3829203, at *8. For example, in *Moore* the court noted that although the employer, Michigan Tooling Association, was the plan administrator, it delegated claims administration responsibilities to a third party insurer. *Moore*, 458 F.3d at 438. Because Michigan Tooling Association did not participate in the decision to deny the plaintiff's claim for benefits, the court concluded that it could not be liable to the plaintiff for the wrongful denial of benefits. *Moore*, 458 F.3d at 438; *accord Moss*, 2010 WL 3829203, at *3. Similarly, the court in *McMillan v. Provident Mut. Life Ins. Co.*, 32 F.Supp.2d 600, 604-05 (W.D.N.Y. 1999), dismissed a claim for plan benefits against the plan administrator because the claims administrator, not the plan administrator, made the determination that the plaintiff was not entitled to benefits under the plan.

In the present case, it is undisputed that Sun Life funds long term disability benefits under the Plan. LTD Policy, SL/ANDERSON 000301. It also is undisputed that CHS/ delegated authority to Sun Life to administer claims for long term disability benefits that are submitted under the Plan, including making determinations with respect to a claimant's eligibility for such benefits and the amount of any benefits that may be due under the Plan. LTD Policy, SL/ANDERSON 000346-000347, Notice of Filing of Appendix, Exhibit A. It is clear that CHS/ does not control or influence the decision to deny benefits under the LTD Policy and, therefore, that it is not the fiduciary with respect to the denial of benefit claims. CHS/ asserts that this Court should follow the holdings in

*Moore, Moss and McMillan* and conclude that CHS/ is not the proper party defendant to Plaintiff's claim for benefits under § 1132(a)(1)(B).[5]

Plaintiff's own allegations in her proposed amended complaint support the conclusion that CHS/ is not the proper party defendant in connection with Plaintiff's claim for benefits under § 1132(a)(1)(B) and, therefore, that her proposed amendment cannot withstand a motion to dismiss. Plaintiff's allegations of misconduct in her proposed amended complaint involve the manner in which her claim for disability benefits was administered. *See* Proposed Amended Complaint, ¶ 131(a)-(g). While Plaintiff alleges that both Sun Life and CHS/ "have acted in violation of their duty and arbitrarily and capriciously," her specific allegations of misconduct are all directed to Sun Life's administration of her benefit claim. Specifically, Plaintiff alleges that that both Defendants acted arbitrarily and capriciously in:

a. Denying [Plaintiff's] LTD benefit claim;

b. Refusing to consider the LTD benefit claim based on [Plaintiff's] regular occupation of RN

c. Ignoring [Plaintiff's] rights pursuant to the continuity of coverage clause of its policy;

d. Misconstruing the continuity of coverage clause in denying [Plaintiff's] appeal;

e. Refusing to acknowledge [Plaintiff's] medical inability to perform as an RN while interpreting her LTD benefits in spite of recognizing her medical disability while it had an alternative basis (work-related injury) to deny any STD claim of Plaintiff; and

---

[5] Plaintiff will not be left without a remedy if the Court denies the Plaintiff's request to add CHS/ as a party defendant to her benefit claim under § 1132(a)(1)(B). The United States Court of Appeals for the Ninth Circuit recognizes the insurer that funds benefits under a benefit plan as a proper party defendant in a claim for benefits. *Cyr v. Reliance Standard Life Ins. Co.*, 642 F.3de 1202, 1206-07 (9th Cir. 2011)(*en banc*); *Krieger v. Nationwide Mut. Life Ins. Co.*, 2012 WL 1029526, at *2-3 (D. Ariz. March 27, 2012).

f. Refusing to treat [Plaintiff] as a participant entitled to the full benefit justified by her medical condition and by misdirecting a solid case for LTD through an ineffective administration of STD analysis.

g. Promoting and not correcting practices which encouraged or tolerated bias against its claimant participants in its handling of medical personnel, settlement negotiations, policy interpretation, and training its personnel or persons who operate in Sun Life's name or with its authority.

Proposed Amended Complaint, ¶ 131(a)-(g). It is undisputed, however, that Sun Life had sole authority to administer and, in fact, administered Plaintiff's claim for benefits. LTD Policy, SL/ANDERSON 000346-000347, Notice of Filing of Appendix, Exhibit A. Contrary to Plaintiff's general conclusory allegation, CHS/ did not play any role whatsoever in the decision to deny Plaintiff's claim for long term disability benefits under the LTD Policy because it did not have any authority to do so. Therefore, CHS/ is not a necessary party defendant with respect to Plaintiff's claim under § 1132(a)(1)(B) to recover long term disability benefits under the LTD Policy and Plaintiff's proposed amendment to assert such a claim against CHS/ cannot withstand a motion to dismiss and should be denied on the basis that the proposed amendment is futile. *See Moore*, 458 F.3d at 438; *Moss*, 2010 WL 3829203, at *3; *McMillan*, 32 F.Supp.2d at 604-05.

## III. <u>CONCLUSION</u>

The Plaintiff's proposed amendments are futile because neither can withstand a motion to dismiss. With respect to Plaintiff's claim for the statutory penalty under 29 U.S.C. § 1132(c), Plaintiff fails to state a claim against CHS/ because Plaintiff does not allege that she sent a <u>written request</u> to CHS/ for specific plan information identified in § 1024(b)(4), or, to the extent the Court construes any request for information made by the Plaintiff as a proper request to CHS/ for plan documents under § 1024(b)(4), Plaintiff

does not allege that CHS/ failed to provide her with the requested information that it is required to provide under § 1024(b)(4) within the time provided in the statute. Likewise, Plaintiff's proposed amended complaint fails to state a claim against CHS/ with respect to her claim for benefits under 29 U.S.C. § 1132(a)(1)(B) because CHS/ is not responsible for the administration of Plaintiff's claim for long term disability benefits and Sun Life is solely responsible for determining claims eligibility and paying any long term disability benefits that are due. Because Plaintiff's proposed amendment fails to state a claim against CHS/ upon which she is entitled to any relief as a matter of law, the Court should deny her request for leave to amend on the grounds that her proposed amendments are futile.

Dated: July 10, 2012.

Respectfully submitted,

/s/ John M. Scannapieco

John M. Scannapieco, Tenn. Reg. No. 14473
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
(615) 252-2352
jscannapieco@babc.com

*Attorneys for the Defendant, Community Health Systems*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served electronically by operation of the Court's electronic filing system or via U.S. first class mail, postage pre-paid, to Barry Kirschner, Esq., Waterfall, Economidis, Caldwell, Hanshaw & Villamana, P.C., 5210 East Williams Circle, #800, Tucson, AZ 85711 and William M. Demlong and Aeryn Heidemann, 3838 N. Central Avenue, Suite 1500, Phoenix, Arizona 85012-1902 on this 10th day of July, 2012.

/s/ John M. Scannapieco
John M. Scannapieco