John M. Scannapieco (Tenn. Reg. No. 14473)
**BRADLEY ARANT**
**BOULT CUMMINGS LLP**
1600 Division St., Suite 700
Nashville, Tennessee 37203
Tel: (615) 252-2352
jscannapieco@babc.com

Attorneys for Defendant Community Health Systems

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| Diana C. Anderson,<br><br>Plaintiff,<br><br>v.<br><br>Sun Life Assurance Co. of Canada; and Community Health Systems,<br><br>Defendants. | No. CV12-00145 CKJ<br><br>**RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO ALLOW DISCOVERY** |

## INTRODUCTION

CHS/Community Health Systems, Inc. ("CHS/") submits, on behalf of Defendant Community Health Systems, a non-existent entity, this response in opposition to Plaintiff Diana C. Anderson's ("Plaintiff") motion to allow discovery in this case.[1] Plaintiff is not entitled to conduct discovery in this ERISA benefit case under well-settled law and, therefore, her Motion must be denied.

[1] Community Health Systems" is a trade name, not a legal entity. Nonetheless, a response is being filed on behalf of "Community Health Systems" by CHS/Community Health Systems, Inc. in order to avoid the entry of an order granting the requested relief against a non-entity which would result in the needless waste of court and party resources.

## ARGUMENT

**A. Plaintiff has not articulated any compelling reason to overturn well-reasoned Ninth Circuit precedent limiting the supplementation of the ERISA administrative record with evidence not presented to the claims administrator during the administrative review process.**

The parties agree that in cases such as this where the terms of the employee welfare benefit plan do not confer discretion on the claim administrator to make benefit determinations or to interpret the terms of the plan, the court is required to review the claim administrator's benefit determination *de novo*. Regardless of the standard of review that applies, "the record that was before the administrator furnishes the primary basis for review." *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th Cir. 1998). Evidence not presented to the claim administrator during the administrative review of the benefit claim is not permitted to supplement the record to be reviewed by the court unless such evidence is necessary to conduct an adequate review of the benefits determination. *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995). As discussed below in more detail, Plaintiff has failed to demonstrate that any evidence not presented to the claim administrator, Sun Life Assurance Co. of Canada ("Sun Life"), during the administrative review of her underlying benefit claim, is necessary for this Court to conduct an adequate review of Sun Life's determination that Plaintiff was not eligible for LTD benefits.

In her Motion, Plaintiff seeks discovery to supplement the ERISA administrative record, urging this Court to abandon well-established case law severely limiting a

reviewing court's ability to consider evidence outside the administrative record, relying, instead, on the general availability of discovery provided for in the Federal Rules of Civil Procedure. Plaintiff's argument for a change in the settled law regarding supplementation of the ERISA administrative record, however, overlooks the unique nature of ERISA in light of the competing interests it seeks to balance. *See Varity Corp. v. Howe*, 516 U.S. 489, 497 (1996); *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54 (1987). The United States Supreme Court in *Varity Corp.* described ERISA as serving "'competing congressional purposes': on the one hand, Congress sought to 'offer employees enhanced protection for their benefits'; on the other, it also wished to avoid 'creat[ing] a system . . . so complex that administrative costs, or litigation expenses, unduly discourage employers from offering welfare benefit plans in the first place." *Micha v. Sun Life Ins. Co. of Canada*, 789 F.Supp.2d 1248, 1256 (S.D. Cal. 2011) (*quoting Varity Corp.*, 516 U.S. at 497). The United States Supreme Court in *Pilot Life Ins. Co.* also recognized the dual interests in "encouraging the formation of employee benefit plans" while ensuring "prompt and fair claims settlement procedures." *Pilot Life Ins. Co.*, 481 U.S. 54. As a result of this need to balance competing interests, "review under ERISA of an administrator's decision to deny or terminate benefits is not subject to the level of adversarial testing as other types of cases such as breach of contract." *Waggener v. Unum Life Ins. Co.*, 238 F.Supp.2d 1179, 1185 (S.D. Cal. 2002) (*citing Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1094-95 (9th Cir. 1998)). The concern for balancing these competing interests also has led courts to impose significant limitations

on discovery to supplement the administrative record in an ERISA matter. *Waggener v. Unum Life Ins. Co. of Am.*, 238 F.Supp.2d 1179, 1185 (S.D. Cal. 2002) ("Because of the interest in both maintaining premium costs at a reasonable level and allowing for the prompt and fair resolution of claims, discovery simply cannot be as broad and overreaching as in other types of cases."). Indeed, "[o]pen-ended discovery would frustrate the primary goal of ERISA to resolve benefit disputes inexpensively and expeditiously." *Wojno v. Cigna Group Ins.*, No. 10-07238, 2011 WL 3236025, at *1 (C.D. Cal. Jul. 21, 2011)(*citing Boyd v. Bert Bell/Pete Rozelle NFL Players Retirement Plan*, 410 F.3d 1173, 1178 (9th Cir. 2005); *Taft v. Equitable Life Assurance Soc'y*, 9 F.3d 1469, 1472 (9th Cir. 1993)).

The need to streamline litigation over disputed claims prompted the Ninth Circuit and many other circuits to place significant limits on a claimant's ability to supplement the administrative record when reviewing a benefits determination *de novo* under ERISA. *See Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943-44 (9th Cir. 1995); *see also Orndorf v. Paul Revere Life Ins. Co.*, 404 F.3d 510, 518-20 (1st Cir. 2005) (noting that "[i]t would offend interests in finality and exhaustion of administrative procedures required by ERISA to shift the focus from that decision to a moving target by presenting extra-administrative record evidence going to the substance of the decision" and strictly limiting extra-record evidence as a result); *DeFelice v. American Int'l Life Assurance Co. of New York*, 112 F.3d 61, 66 (2nd Cir. 1997) ("good cause" required for consideration of evidence not available at the administrative level);

*Luby v. Teamsters Health, Welfare, and Pension Trust Funds*, 944 F.2d 1176, 1184-85 (3rd Cir. 1991) (where record is sufficiently developed below, court may limit review to that evidence); *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017 (4th Cir. 1993) (evidence outside the administrative record admissible only in "exceptional circumstances"); *Hoover v. Provident Life and Accident Ins. Co.*, 290 F.3d 801, 808-09 (6th Cir. 2002) (*de novo* review is limited to the record before the administrator); *Donatelli v. Home Ins. Co.*, 992 F.2d 763, 765 (8th Cir. 1993) ("to ensure expeditious judicial review of ERISA benefit decisions and to keep district courts from becoming substitute plan administrators," the district court should not exercise its discretion to review evidence that was not presented to the plan administrator without "good cause"). In *Mongeluzo*, the Ninth Circuit, following the lead of the Fourth Circuit in *Quesinberry*, held that the district court should exercise its discretion to consider evidence outside the administrative record "only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision." *Mongeluzo*, 46 F.3d at 944 (*quoting Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1025 (4th Cir. 1993)). The Ninth Circuit explained further that "a district court should not take additional evidence merely because someone at a later time comes up with new evidence;" rather, "[i]n most cases" only the evidence that was presented to the plan administrator originally should be considered. *Mongeluzo*, 46 F.3d at 944.

Examples of the types of exceptional circumstances in which introduction of evidence outside the ERISA administrative record might be considered necessary, include:

> Claims that require consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process.

*Opeta v. Northwest Airlines Pension Plan*, 484 F.3d 1211, 1218 (9th Cir. 2007) (*quoting Quesinberry*, 987 F.2d at 1027). Before a court may consider any extra-record evidence, however, it must consider each piece of extrinsic evidence presented to determine whether it is necessary for the court to conduct an adequate *de novo* review of the underlying benefit determination. *Opeta*, 484 F.3d at 1218.

Plaintiff has not offered any reason why this Court should ignore (and essentially overrule) *Mongeluzo* and its progeny except to argue that a recent United States Supreme Court decision holding that there are not any limitations on a patent applicant's ability to introduce new evidence in a proceeding arising under Section 145 of the Patent Act of 1952, should apply instead. See Pl. Motion at 6 (*citing Kappos v. Hyatt*, __ U.S. __, 132 S.Ct. 1690 (2012)). *Kappos* is, in a word, inapposite. In *Kappos*, the United States Supreme Court addressed the procedures for challenging a denial of claims filed under the Patent Act of 1952. The allowance of new evidence in a proceeding against the

director of the Patent and Trade Office has no bearing on the adjudication of a challenge to a determination regarding entitlement to benefits under ERISA, particularly given the competing concerns ERISA seeks to balance.

Plaintiff also relies on the Seventh Circuit's opinion in *Krolnik v. Prudential Ins. Co. of America* holding that "ERISA plan participants seeking benefits in litigation under a de novo standard were [ ] procedurally no different from litigants in traditional contract litigation," and were entitled to submit additional evidence supporting their claims to the trier of fact, and argues for the adoption of the holding in *Krolnik* in this circuit. Pl. Motion at 4 (*citing Krolnik*, 570 F.3d at 843). *Krolnik*, however, ignores the need articulated by the United States Supreme Court to carefully balance the interests of participants and beneficiaries for meaningful adjudication of challenges to benefit determinations with the interests of employers and insurers in keeping litigation expenses to a minimum. *See Varity Corp.*, 516 U.S. at 497; *Pilot Life Ins. Co.*, 481 U.S. 54. In urging the application of the holding in *Kappos* to ERISA claims and the adoption of the approach articulated by the court in *Krolnik* to the this case, Plaintiff ignores the unique balancing act ERISA must perform. Long standing Ninth Circuit precedent limiting discovery is correct and should be upheld; the Court should apply the standard established by *Mongeluzo* to prevent Plaintiff from conducting discovery and to prevent Plaintiff from supplementing the ERISA administrative record.

**B. Plaintiff has not established that additional evidence is necessary to conduct an adequate *de novo* review of Sun Life's benefit determination.**

Plaintiff has failed to justify the need for the discovery she seeks. As made clear from Ninth Circuit precedent, this Court should consider extrinsic evidence only where "circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision." *Mongeluzo*, 46 F.3d at 943-44. Courts narrowly apply the holding in *Mongeluzo* when determining whether extrinsic evidence is necessary. *Lona v. Prudential Ins. Co. of Am.*, 2009 WL 35472, at *1 (S.D. Cal. Jan. 5, 2009)(*citing Opeta*, 484 F.3d at 1217). Following the guidance articulated by the Ninth Circuit in *Mongeluzo*, courts limit discovery outside the ERISA administrative record to "unusual cases." *Steiner v. Hartford Life & Accident Ins.*, No. 03-3160, 2004 WL 2271599, at *2 (N.D. Cal. Jun. 4, 2004). Here, Plaintiff has not identified any exceptional or unusual circumstances that "clearly establish" that additional evidence is necessary to conduct an adequate *de novo* review of Sun Life's benefit determination.

Plaintiff proposes serving Defendants with four requests for admission, four interrogatories, and three requests for production aimed at two topics: (1) interpretations of the term "continuity of coverage," a term in the group long term disability insurance policy (the "LTD Policy") issued by Sun Life to fund disability under the CHS/Community Health Systems, Inc. Welfare Benefit Plan (the "Plan"); and (2) facts supporting "any claim by a Defendant in this action that Plaintiff has been employed in a 'gainful occupation,'" as that term is defined in the LTD Policy. *See* Pl. Motion at 7

(*citing* Joint Report for Scheduling Conference [doc. no. 24]). Additionally, Plaintiff identifies "other categories of legitimate discovery" to "include": (1) "the potential bias of medical reviewers or medical reviewing agencies used by Sun Life;" (2) "the reason critical information including the insurance Policy(s) was not provided timely upon Plaintiff's request, and why Plaintiff was told by Sun Life (on July 15, 2009) that the contract was not 'finalized' and therefore could not be provided to Plaintiff;" and (3) conflicts of interest and how they may have been manifested in the handling of the specific claim or formation of policies on how to interpret Claims Administrator or Plan Administrator's obligations." Pl. Motion at 7-8.[2]

Although she clearly articulates the topics on which she seeks discovery, Plaintiff provides no insight into to why discovery into these topics is necessary for this Court to conduct an adequate *de novo* review in this case. With respect to her proposed discovery on interpretation of the term "continuity of coverage," Plaintiff has not demonstrated that interpretation of the term "continuity of coverage" is necessary to a determination of her claim and if it is, that that the letter from Sun Life notifying her of its adverse determination regarding her eligibility for benefits failed to adequately explain its interpretation of the term or why Plaintiff could not submit such evidence during the administrative review of her benefit claim. Plaintiff similarly has failed to establish why her proposed discovery seeking facts supporting "any claim by a Defendant in this action

---

[2] CHS/, on behalf of "Community Health Systems," reserves any additional objections to Plaintiff's proposed discovery unless and until it is served with specific

that Plaintiff has been employed in a 'gainful occupation,'" as that term is defined in the LTD Policy, is necessary, as the facts Sun Life relied on in connection with its benefit determination are already included in the ERISA administrative record, and she has not identified any facts or additional evidence relevant to the determination of that issue that she was unable to submit during the administrative review of her benefit claim. In short, Plaintiff has not established or made any effort to establish why this is one of the "unusual" or "exceptional" cases where extra-record evidence on these topics is necessary for this Court to conduct an adequate *de novo* review of Sun Life's benefit determination.

Nor has Plaintiff justified the necessity of the "other categories of additional discovery" she seeks. Plaintiff wants discovery into potential bias by the medical reviewers or medical reviewing companies that reviewed her claim, but she has not articulated any reason why such discovery is necessary under the specific circumstances of this case. In *Frost v. Metropolitan Life Ins. Co.*, the district court permitted plaintiff to conduct limited discovery into a potential conflict of interest concerning MetLife's use of reviewing physicians from a reviewing company. *Frost v. Metropolitan Life Ins. Co.*, 414 F.Supp.2d 961, 964 (C.D. Cal. 2006). The plaintiff supported her request for discovery with decisions in other cases revealing that MetLife used the particular physician review company exclusively, arguing that this exclusive financial relationship posed a conflict of interest for the reviewing physicians, and that two courts had

---

discovery requests.

commented unfavorably about the reviewing practices of one of MetLife's physicians. *Frost*, 414 F.Supp.2d at 964. Here, Plaintiff has not identified any facts whatsoever that raise even a specter of impartiality on the part of Sun Life or its reviewing physicians.

With respect to Plaintiff's claim that she is entitled to discovery into the reason "critical information including the insurance Policy(s)" was not provided to her and representations were made to her, such information is not necessary to this Court's ability to adequately review her claim for benefits. In fact, Plaintiff has not provided any explanation why this information is relevant in any way to Sun Life's determination about her eligibility for benefits.

Finally, the Plaintiff is not entitled to conduct any discovery into a potential conflict of interest under the circumstances presented in this case. The Ninth Circuit has explained that there is no proper purpose to conflict/bias discovery in cases applying *de novo* review. In *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154 (9th Cir. 2001), for example, the Ninth Circuit declined to address on appeal the plaintiff's contention that she should have been allowed discovery to demonstrate a conflict of interest on the part of the insurer. The court explained:

> [b]ecause we hold that *de novo* review applies, we need not address Grosz-Salomon's contention that she should have been allowed further discovery to show a conflict of interest since the point of showing a conflict of interest is to obtain a more demanding standard of review than abuse of discretion.

*Grosz-Salomon*, 237 F.3d 1162, n.34.

Even assuming that some discovery is proper under the circumstances, the Court should not permit Plaintiff to conduct any conflict based discovery because she has not alleged any facts that even suggest that Sun Life's benefit determination was affected by a conflict of interest. Instead, Plaintiff appears to seek discovery merely as a fishing expedition to see if she can identify any such facts. Several courts within and outside the Ninth Circuit have held that conflict-based discovery is not permissible where the only purported "evidence" of a conflict of interest is the fact of a defendant's dual role as claims administrator and payor of claims. For example, the court in *Steiner v. Hartford Life and Accident Ins.*, No. 03-3160, 2004 WL 2271599, at *3 (N.D. Cal. Jun. 4, 2004), rejected a plaintiff's request for discovery into a potential conflict of interest because of the insurance company's dual role as claims administrator and payor, discovery into whether the insurer's physician-consultants are biased because of their relationship with the insurer, and whether the insurer violated its own claims-handling procedures because the plaintiff failed to show that hers was the "unusual case which would require unusual discovery." *Steiner* relied for its holding on the Tenth Circuit's decision in *Hall v. Unum Life Ins. Co. of Am.*, 300 F.3d 1197, 1205-06 (10th Cir. 2002), where the court concluded that the mere fact that the payor also administered the claim was not enough to justify discovery outside the administrative record. The court in *Steiner* noted that if this were enough, "then it will not be the unusual case in which additional evidence is admitted. It would be commonplace." *Steiner*, 2004 WL 2271599, at *3 (*quoting Hall*, 300 F.3d 1205-06). As a result, the court in *Steiner* adopted the heavy burden imposed by the

Tenth Circuit on a party seeking to admit conflict evidence to show that it is both relevant to the conflict of interest and that "the conflict of interest in fact requires the admission of the evidence." *Steiner*, 2004 WL 2271599, at *3 (*quoting Hall*, 300 F.3d 1205-06).

Similarly, the court in *Ross v. Prudential Ins. Co. of Am.*, No. 05-2936, 2006 WL 2460919 (D. Ariz. Aug. 23, 2006), rejected a plaintiff's attempt to admit evidence that he deemed necessary to "demonstrate the manner in or extent to which the conflict of interest affected the carrier's decision-making process and address any shortcomings in the record or decision-making process caused by the conflict." *Ross*, 2006 WL 2460919, at *2. In examining this contention, the court reviewed cases where admission of such evidence was warranted, but found that Ross had "failed to make the showing required for the consideration of additional evidence." *Ross*, 2006 WL 2460919, at *3.

Here, Plaintiff has not articulated or established any exceptional circumstances demonstrating that additional evidence is necessary to conduct an adequate *de novo* review of Sun Life's benefit determination. Therefore, the Court should deny Plaintiff's Motion seeking leave to conduct discovery.

## CONCLUSION

Plaintiff is not entitled to conduct discovery in order to supplement the ERISA administrative record for purposes of the Court's *de novo* review of Sun Life's benefit determination. Well-established and well-reasoned Ninth Circuit precedent imposes strict limits on the circumstances under which a reviewing court may consider additional evidence in connection with its review of an adverse benefit determination, and Plaintiff

has not demonstrated any "exceptional circumstances" in her case that justify the discovery she seeks. Accordingly, the Court should deny Plaintiff's motion to allow discovery.

Dated: July 14. 2012.

Respectfully submitted,

/s/ John M. Scannapieco

John M. Scannapieco, Tenn. Reg. No. 14473
BRADLEY ARANT BOULT CUMMINGS LLP
1600 Division Street, Suite 700
P.O. Box 340025
Nashville, Tennessee 37203
(615) 252-2352
jscannapieco@babc.com

*Attorneys for the Defendant, Community Health Systems*

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served electronically by operation of the Court's electronic filing system or via U.S. first class mail, postage pre-paid, to Barry Kirschner, Esq., Waterfall, Economidis, Caldwell, Hanshaw & Villamana, P.C., 5210 East Williams Circle, #800, Tucson, AZ 85711 and William M. Demlong, Esq. and Aeryn Heidemann, Esq., 3838 N. Central Avenue, Suite 1500, Phoenix, Arizona 85012-1902 on this 14th day of July, 2012.

/s/ John M. Scannapieco

John M. Scannapieco