**WO**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Diana C. Anderson, | ) | No. CV-12-145-TUC-CKJ |
| Plaintiff, | ) ) ) | **ORDER** |
| vs. | ) ) | |
| Sun Life Assurance Co. of Canada; and Community Health Systems, | ) ) ) )) | |
| Defendants. | ) ) | |

Pending before the Court are three Motions filed by the Plaintiff. On June 26, 2012, Plaintiff filed her Motion for Leave to File First Amended Complaint. (Doc. 29). Defendant Community Health Systems filed its response in opposition on July 10, 2012 (Doc. 31) and Plaintiff filed her reply on July 20, 2012. (Doc. 37). Defendant Sun Life Assurance Co. of Canada ("Sun Life") has not filed a response to Plaintiff's Motion for Leave to File a First Amended Complaint.

On June 29, 2012, Plaintiff filed her Motion to Allow Discovery in *Anderson*, a Case with a *De Novo* Standard. (Doc. 30). Defendant Community Health Systems filed its response to this motion on July 14, 2012 (Doc. 34) and Defendant Sun Life filed its response in opposition on July 17, 2012. (Doc. 36). Plaintiff filed her reply on July 23, 2012.

On October 12, 2012, Plaintiff filed her Motion to Amend Scheduling Order. (Doc. 43). Defendant CHS filed its response on October 26, 2012 and Defendant Sun Life filed its response to this motion on October 29, 2012.

In its discretion, the Court finds these motions suitable for decision without oral argument. *See* LRCiv. 7.2(f). The Parties have adequately presented the facts and legal arguments in their briefs and supporting documents, and the decisional process would not be significantly aided by oral argument.

*Factual and Procedural Background*

Plaintiff filed her original Complaint (Doc. 1) on February 28, 2012. In her Complaint, Plaintiff alleged that she was employed as a registered nurse with Northwest Medical Center from 1993 through 2009. (Doc. 1 at p. 2). She sustained a work related injury on July 15, 2008 and as a result, she was unable to perform her duties as a registered nurse. (Doc. 1 at ¶¶15, 19). In 2008, Aetna Life Insurance Company was the insurance company and claim administrator for the long term and short term disability plans in which Plaintiff was a participant. (Doc. 1 at ¶26). Beginning on January 1, 2009, Defendant Sun Life became the claim administrator and Defendant Community Health Systems was the plan administrator for the disability plans. (Doc. 1 at ¶¶12, 27). These plans are governed by the Employment Retirement and Income Security Act of 1974 ("ERISA").

Plaintiff plead two counts, the first was for a Declaratory Judgment that Defendant Sun Life acted in violation of its duty (Doc. 1 at p. 17) and the second was for statutory damages against Defendant Sun Life and the Defendant Community Health Systems for violating 29 U.S.C. §1132(c)(1). (Doc. 1 at p. 18).

*Motion for Leave to File First Amended Complaint*

Plaintiff is seeking leave to amend the pleading to substitute CHS/Community Health Systems, Inc. (hereafter "CHS") for the previously named Community Health Systems. In addition to amending the name of a Defendant in the caption, Plaintiff is also seeking leave to add CHS as a defendant in her declaratory judgment claim for benefits under 29 U.S.C. §1132(a)(1)(B) and to add CHS as a defendant to her claim for the statutory penalty under 29 U.S.C. §1132(c)(1).

Plaintiff's Motion is timely. This Court's June 7, 2012 Scheduling Order granted Plaintiff to September 30, 2012 to file a Motion for Leave to File an Amended Complaint (Doc. 26) and her Motion was filed on June 26, 2012. CHS argues that the amendment to the Complaint is futile and the Motion should be denied. For the following reasons, Plaintiff's proposed First Amended Complaint has stated a valid claim for relief against CHS pursuant to 29 U.S.C. §1132(a)(1)(B), but has failed to state a valid claim for relief against CHS pursuant to 29 U.S.C. §1132(c).

A.   *Legal Standard*

Rule 15, Federal Rules of Civil Procedure, governs the amendment of pleadings in a civil action. The rule mandates that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 228, 9 L.Ed.2d 222 (1962). Further, whether leave to amend should be granted is committed to the sound discretion of the district court. *Id.*

"A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Miller v.*

*Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988).   The test to determine futility is identical to the one used when considering the sufficiency of a pleading under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Id*. (citing 3 J. Moore, *Moore's Federal Practice* ¶ 15.08[4] (2d ed. 1974)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]"   Rule 8(a), Fed. R. Civ. P.   While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*   Neither do mere assertions devoid of any factual enhancement.  *Id*.   A court does not have to accept as true, legal conclusions unsupported by factual allegations.  *Id at* 678.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id* at 678. (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).   A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 679.

In the context of a motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "the Court's review is generally limited to the contents of the complaint. *Campanelli, v. Bockrath*, 100 F.3d 1476, 1479 (9th Cir. 1996).   However, "a court may consider evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."   *Daniels-Hall v. Nat' Educ.*

*Ass'n,* 629 F.3d 992, 998 (9th Cir. 2010) *citing Marder v. Lopez,* 450 F.3d 445, 448 (9th Cir.2006) (quoting *Branch v. Tunnell,* 14 F.3d 449, 453–54 (9th Cir.1994)(*internal quotations omitted*)).

In support of its position, CHS has submitted with its opposition papers, an affidavit from John M. Scannapieco, outside counsel for CHS. (Doc. 32). In his affidavit, Mr. Scannapieco states that Plaintiff's counsel advised him that neither Plaintiff nor Plaintiff's counsel had sent a written request to CHS for documents or information and the only items Plaintiff had not received from CHS were documents purportedly related to negotiations between CHS and Sun Life regarding the disability policy's continuity of coverage provision. The affidavit from Defendant CHS's outside counsel, which contains purported hearsay statements of the Plaintiff's attorney, is not referenced in the Complaint and the Court will not consider the allegations in Mr. Scannapieco's affidavit in deciding this motion.

In addition to the affidavit, CHS has provided this Court with a copy of the group long term disability insurance policy issued by Sun Life. (Doc. 33-1). This policy is directly quoted in Plaintiff's original complaint and the proposed amended complaint. The policy is central to the Plaintiff's claim and neither party has questioned the authenticity of the copy attached to Defendant CHS's response. Accordingly, this Court will consider this document in its evaluation.

    *B.*    *Analysis*

CHS argues that Plaintiff failed to state a claim for relief for benefits under 29 U.S.C. §1132(a)(1)(B) because CHS is not responsible for the administration of Plaintiff's claim. (Doc. 31). Specifically, CHS argues that in accordance with the express terms of the long term disability policy, CHS delegated full authority to administer claims for long term disability benefits under the policy to Sun Life, including determining eligibility for

and the payment of benefits. (Doc. 31). Plaintiff argues that as the plan administrator, CHS is an appropriate party in a claim for benefits pursuant to 29 U.S.C. §1132. (Doc. 37). Plaintiff and CHS both city to *Cyr v. Reliance Standard Life Insurance Co.*, 642 F.3d 1202 (9th Cir. 2011).

In *Cyr*, the Ninth Circuit held that "defendants in actions brought under §1132(a)(1)(B) should not be limited to plans and plan administrators." *Id. at* 1206. The court in *Cyr* discussed situations where the plan administrator may have no authority to resolve benefit claims or any responsibility to pay them and envisioned situations where parties other than the plan and plan administrator could be a named defendant in an ERISA action. *Id* at 1207. The court in *Cyr* stated:

> It is not enough to identify a plan administrator as a potential defendant, in addition to the plan itself. A plan administrator under ERISA has certain defined responsibilities involving reporting, disclosure, filing, and notice. But the plan administrator can be an entity that has no authority to resolve benefit claims or any responsibility to pay for them.

*Id.* (*internal citations omitted*). The court in *Cyr* was not excluding plan administrators as potential defendants in an ERISA action. Rather, it was acknowledging that there are situations where parties other than the plan and plan administrator could be named as defendants. *Id.* Accordingly, since Plaintiff's proposed First Amended Complaint alleges that CHS is the plan administrator, her claim for relief under 29 U.S.C. §1132(a)(1)(B) is plausible.

Defendant CHS next argues that Plaintiff's motion should be denied because Plaintiff did not allege in her proposed First Amended Complaint that she sent a written request to CHS for plan information as identified in 29 U.S.C. §1024(b)(4), and that CHS failed to provide the requested documents. Absent these allegations, Defendant CHS argues that Plaintiff failed to state a claim against CHS with respect to the statutory penalty

under 29 U.S.C. §1132(c)(1).

Pursuant to 29 U.S.C. §1132(c)(1)(B), "any administrator who fails to comply with a request for any information which such administrator is required by this subchapter to furnish to a participant or beneficiary …may in the court's discretion be personally liable to such participant or beneficiary."  29 U.S.C. §1132(c)(1)(B).  While the general duty to disclose documents and information is outlined in 29 U.S.C. §1021, specific requests for documentation and information outside of the routine reporting cycles is governed by 29 U.S.C. §1024(b)(4).  Pursuant to that section:

> The administrator shall, upon written request of any participant or beneficiary furnish a copy of the latest updated summary, plan description, and the latest annual report, any terminal report, the bargaining agreement, trust agreement, contract, or other instruments under which the plan is established or operated.

29 U.S.C. §1024(b)(4).  In order to plead a sufficient complaint, Plaintiff must allege that she made a written request for documentation or information identified in 29 U.S.C. §1024(b)(4) or another document "that provides individual participants with information about the plan or available benefits," and that CHS failed to provide her with the requested documentation or information.  *Serpa v. SBC Telecommunications, Inc.*, 2004 WL 3204008 (N.D. Cal. 2004).

Plaintiff's proposed First Amended Complaint alleges that on multiple occasions, she requested necessary documentation from the plan administrator through Sun Life and directly to CHS.  The alleged documentation requested was the prior insurer's long term disability contract in effect in 2008.  This contract is applicable to Plaintiff's claim based on the continuity of coverage provision in Sun Life's group long term insurance policy.

That provision, in its calculation of potential benefits payable to an employee, references the prior insurer's group long term disability policy.  Therefore, the prior

7

insurers long term disability contract may fall within the purview of the documents outlined in 29 U.S.C. §1024(b)(4).   However, while Plaintiff alleged in her proposed First Amended Complaint that she never received a copy of this contract from any of the Defendants, she fails to allege that she ever made a **written** request for said document as required by the statute.   Therefore, Plaintiff's Motion to file a First Amended Complaint is denied.   However, Plaintiff is granted leave to file a Second Amended Complaint in compliance with the terms of this Order.

*Motion to Allow Discovery in Anderson, a Case with a De Novo Standard*

    *A.   Legal Standard*

Plaintiff's second motion requests that the Court permit the parties to exchange discovery.   Plaintiff argues that the Court should permit discovery between the parties based upon the Supreme Court's decision in *Kappos v. Hyatt*, __U.S.__, 132 S.Ct. 1690 (2012) and the application of its reasoning to ERISA as anticipated by the Seventh Circuit in *Krolnik v. Prudential Ins. Co. of America*, 570 F.3d 841, 843 (7th Cir. 2009). Specifically, Plaintiff argues that ERISA authorizes a civil action to enforce statutory rights pursuant to 29 U.S.C. §1132(a) and civil actions are governed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence.   Plaintiff further contends that the Supreme Court in *Kappos* held that where a statute authorizes a civil action and is silent about evidentiary or procedural limitations, as in an ERISA action, the Federal Rules of Civil Procedure and the Federal Rules of Evidence are applicable.   *Kappos v. Hyatt*, __U.S.__, 132 S.Ct. 1690 (2012).

The *Kappos* case addressed the limitations, if any, of new evidence before the district court in an action challenging the Patent and Trademark Office's (hereafter PTO)

8

decision to deny a claim. *Id*. That case dealt exclusively with civil actions brought against the PTO. There is a long history of Ninth Circuit jurisprudence addressing the limitations on the admissibility of new evidence in an ERISA action. Accordingly, this Court declines to reject Ninth Circuit precedent and extend the holding in *Kappos* to ERISA cases.

There are two possible standards of review recognized by the Ninth Circuit when evaluating an ERISA claim. A court reviewing a denial of benefits challenged under 29 U.S.C. §1132(a)(1)(B) generally applies a *de novo* standard "unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan. *Firestone Tire & Rubber Co. V. Bruch*, 489 U.S. 101, 115 (1989). When a plan does not confer on the administrator discretionary authority, the appropriate standard of review is *de novo*, regardless of whether the administrator is acting under a conflict of interest. *Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 963 (9th Cir. 2006)(citing *Firestone Tire & Rubber Co. V. Bruch*, 489 U.S. 101, 115 (1989)). If however, the plan does confer discretionary authority, the standard of review changes to an abuse of discretion. *Id*.

Except for evidence regarding a conflict of interest, "a district court may review only the administrative record when considering whether the plan administrator abused its discretion, but may admit additional evidence on *de novo* review." *Alta Health & Life Ins. Co.*, 458 F.3d at 970. This Court may agree with the parties that the appropriate standard of review is *de novo*. In fact, in its response, CHS acknowledges that the terms of the employee welfare benefit plan do not confer discretion on the claim administrator in this case and accordingly, the appropriate standard of review is *de novo*. (Doc. 34).

In most ERISA cases, judicial review is limited to the administrative record. 1 Ann.2004 ATLA-CLE 459 (2004); *Kearney v. Standard Ins. Co.*, 175 F.3d 1084, 1090 (9th

9

Cir. 1999).  Under certain circumstances, additional evidence may be considered by a district court, at the court's discretion.  *Mongeluzo v. Baxter Travenol Long Term Disability Benefit Plan*, 46 F.3d 938, 943 (9th Cir. 1995).   When evaluating the case under a *de novo* standard of review, the district court may allow evidence that was not before the administrator in circumstances where it is clearly established that additional evidence is necessary to conduct an adequate review of the benefit decision.  *Id.* at 943-944 (quoting *Quesinberry v. Life Ins. Co. of North America*, 987 F.2d 1017, 1025 (4th Cir. 1993)) see also *Opeta v. Northwest Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007).  "The district court should exercise its discretion, however, only when circumstances clearly establish that additional evidence is necessary to conduct an adequate *de novo* review of the benefit decision."  *Id*.

Under the *de novo* standard of review, the district court "evaluates whether the plan administrator correctly or incorrectly denied benefits.  *Opeta v. Northwest Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007).  In *Opeta*, the Ninth Circuit cited a non-exhaustive list of exceptional circumstances where introduction of evidence beyond the administrative record could be necessary:

> Claims that require consideration of complex medical questions or issues regarding the creditability of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative record.
>
> *Id.* (quoting *Life Ins. Co. of North America*, 987 F.2d at 1027).

### B. *Discovery Requested by Plaintiff*

Plaintiff has identified four areas where she believes discovery is appropriate: (1) a potential bias among the medical reviewers associated with Sun Life; (2) the reasons that alleged critical information was not provided; (3) Defendants' conflict of interest and how that conflict may have affected the handling of Plaintiff's claim; and (4) Sun Life's interpretation of the continuity of coverage provision. (Doc. 30).

Plaintiff fails to allege in her proposed First Amended Complaint that any of the Defendants retained medical personnel exhibited any bias. In fact, in Plaintiff's proposed First Amended Complaint and in her appeal of Sun Life's decision to deny her claim, Plaintiff references the opinions of Defendant's retained medical personnel to further her position that she was disabled and could not return to her nursing position. (Doc. 29-1; 1-1). The first time that Plaintiff mentioned any potential bias among Defendant's medical reviewers was in her reply to Defendant's response to this motion, in which, Plaintiff alleged that while the medical reviewers initially acknowledged that the Plaintiff was disabled from being a registered nurse, they subsequently failed to concede that the Plaintiff was disabled from performing her duties as a registered nurse. (Doc. 38). According to the Plaintiff, these seemingly inconsistent opinions occurred after the medical reviewers realized that Sun Life could not deny coverage based on the work related injury exclusion, and thus show their bias.

The Ninth Circuit has recognized that there is an inherent conflict of interest "when benefit plans repeatedly hire particular physicians as experts." *Regula v. Delta Family-Care Disability Survivorship*, 266 F.3d 1130, 1143 (9th Cir. 2001), *abrogated on other grounds, Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 832, 123 S.Ct. 1965, 155 L.Ed.2d 1034 (2003) ("treating physician rule" has no application in ERISA cases; plan administrators are not required to accord special deference to the opinions of treating physicians; "we [do not] question the Court of Appeals' concern that physicians repeatedly retained by benefits plans may have an incentive to make a finding of 'not disabled' in order

to save their employers money and to preserve their own consulting arrangements."). As such, discovery into the potential bias of the medical reviewers utilized by Sun Life is appropriate. *See Walker v. Metropolitan Life Ins. Co.*, 585 F.Supp.2d 1167, 1175 (N.D. Cal. 2008).

Plaintiff has alleged that critical information was not provided to her in violation of 29 U.S.C. §1132(c)(1). (Doc. 1). Plaintiff seeks discovery into the reasons that this information was not provided. While factors such as bad faith and prejudice are not prerequisites for imposing the statutory penalty, under 29 U.S.C. §1132(c), they are factors that a court can consider in determining whether to impose the statutory penalty. *Kerr v. Charles F. Vatterott & Co.,* 184 F.3d 938, 948 (8th Cir. 1999); *see also Draper v. Baker Hughes, Inc.,* 892 F.Supp. 1287, 1298 (E.D. Cal. 1995). The decision whether to assess penalties rests with the district court. *Paris v. F.Korbel & Bros., Inc.*, 751 F.Supp. 834, 839 (N.D. Cal. 1990). As such, this Court finds that information into the reasons behind the Defendants' alleged failure to provide necessary documentation may be beneficial in an evaluation of this claim.[1]

Plaintiff further alleges that Sun Life has a structural conflict of interest because it is responsible for evaluating benefit claims and paying them. (Doc. 29-1). A conflict of interest exists where the same party evaluates claims for benefits and pays benefits claims. *Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105, 112, 128 S.Ct. 2343, 2348 (2008). An ERISA plaintiff may be permitted to supplement the administrative record with evidence of the Defendant's conflict of interest. *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 949-950 (9th Cir. 2007) (citing *Tremain v. Bell Industries, Inc.*, 196 F.3d 970, 976-977 (9th Cir. 1999)). As such, discovery into Defendant Sun Life's alleged conflict of interest and how that conflict may have affected the handling of Plaintiff's claim is appropriate.

Finally Plaintiff alleges that Sun Life's interpretation of the continuity of coverage

---

[1] This discovery may not be appropriate for Defendant CHS, if Plaintiff chooses not to allege a violation of 29 U.S.C. §1132(c) against Defendant CHS in Plaintiff's Second Amended Complaint.

provision was unreasonable. Evidence related to the interpretation of the terms of the plan may be beneficial to the Court, since the continuity of coverage provision is a critical provision in this analysis. *See Opeta v. Northwest Airlines Pension Plan for Contract Employees*, 484 F.3d 1211, 1217 (9th Cir. 2007)(quoting *Life Ins. Co. of North America*, 987 F.2d at 1027).

While this Court agrees that discovery into the areas outlined by the Plaintiff may be beneficial for a complete evaluation of this claim, this discovery will be limited in accordance with Congress' desire not "to create a system that is so complex that administrative costs, or litigation expenses, unduly discourage employers from offering welfare benefit plans." *Varity Corp. v. Howe*, 516 U.S. 489, 497, 116 S.Ct. 1065, 1070 (1995). Plaintiff is directed to limit her discovery requests to the areas discussed above. Additionally, while the Court is permitting Plaintiff to engage in limited discovery, this Court is not at this time deciding the admissibility of this evidence.

*Plaintiff's Motion to Amend Scheduling Order*

Plaintiff recently filed a motion to amend this Court's June 7, 2012 Scheduling Order. Defendant CHS filed its opposition on October 26, 2012 (Doc. 46) and Defendant Sun Life filed its opposition on October 29, 2012. (Doc. 47). In light of this Court's decision regarding discovery in this case, this Court will amend the Scheduling Order and permit Plaintiff to seek discovery.

However, this Court will not require Defendants to respond to the proposed discovery requests attached to Plaintiff's motions. Plaintiff is directed to serve discovery demands consistent with the terms of this Order. Additionally, the Defendants shall have the time prescribed in the Federal Rules of Civil Procedure to respond to Plaintiff's discovery demands as this Court declines to compel disclosure within fifteen days after notice.

Accordingly, IT IS ORDERED:

1. Plaintiff's Motion for Leave to File First Amended Complaint (Doc. 29) is **DENIED**. However, **Plaintiff is granted leave to file a Second Amended Complaint consistent with the terms of this Order within 30 days of the date of this Order.** Plaintiff's proposed First Amended Complaint stated a valid claim for relief against Defendant CHS under 29 U.S.C. §1132(a)(1)(B), however, Plaintiff's proposed First Amended Complaint failed to state a valid claim against Defendant CHS under 29 U.S.C. §1132(c).

2. Plaintiff's Motion to Allow Discovery in *Anderson*, a Case with *De Novo* Standard (Doc. 30) is **GRANTED in part**, Plaintiff is permitted to conduct discovery consistent with the terms of this Order.

3. Plaintiff's Motion to Amend Scheduling Order (Doc. 43) is **GRANTED in part and DENIED in part**.

4. Plaintiff is directed to serve discovery demands upon Defendants consistent with the terms of this Order and Defendants must file responses to Plaintiff's discovery demands within the time prescribed in the Federal Rules of Civil Procedure.

5. The Court's June 7, 2012 Scheduling Order is amended to the extent that all discovery consistent with this Order, shall be completed by February 21, 2013. No discovery shall take place after that date without leave of this Court and upon good cause show. The deadline to file dispositive motions is extended to March 21, 2013.

Dated this 2nd day of November, 2012.

Cindy K. Jorgenson
United States District Judge