William M. Demlong (I.D. No. 012458)
Aeryn A. Heidemann (I.D. No. 025530)
**KUNZ PLITT**
**HYLAND & DEMLONG**
3838 N. Central Avenue, Suite 1500
Phoenix, Arizona  85012-1902
Tel:  (602) 331-4600
wmd@kunzlegal.com; aah@kunzlegal.com

Attorneys for Defendant Sun Life
Assurance Co. of Canada

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Diana C. Anderson, | No. CV12-00145 CKJ |
| Plaintiff, | |
| v. | **SUN LIFE ASSURANCE CO. OF CANADA'S STATEMENT OF CONTROVERTING FACTS** |
| Sun Life Assurance Co. of Canada; and CHS/Community Health Systems, Inc., | |
| Defendants. | |

Pursuant to L.R.Civ.P. 56.1(b), Sun Life Assurance Co. of Canada ("Sun Life") hereby submits its Controverting Statement of Facts in Support of Its Response to Plaintiff's Motion for Summary Judgment.

**CONTROVERTING STATEMENT OF FACTS**

**I.  ANDERSON AND HER REGULAR OCCUPATION OF REGISTERED NURSE-OPERATING ROOM.[1]**

---

[1] The section headings included in Plaintiff's Statement of Facts in Support of Plaintiff's Motion for Summary Judgment violate Local Rule 56.1(a), which provides that "[e]ach material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the facts finds support…".

1. The facts set forth in Paragraph 1 of Plaintiff's Statement of Facts in Support of Plaintiff's Motion for Summary Judgment ("Plf's SOF") violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

2. Sun Life does not controvert Plaintiff's statement that she was employed as an Critical Care RN Circulator in the Operating Room until December 9, 2008. The remaining facts set forth in Paragraph 2 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

3. The facts set forth in Paragraph 3 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

4. The facts set forth in Paragraph 4 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

5. The facts set forth in Paragraph 5 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

## II. ANDERSON'S MEDICAL DISABILITY FROM NURSING[2]

6. Sun Life does not controvert Plaintiff's statement that she suffered a work-related injury July 15, 2008. The remaining facts set forth in Paragraph 6 of Plf's SOF

---

[2] The section headings included in Plaintiff's Statement of Facts in Support of Plaintiff's Motion for Summary Judgment violate Local Rule 56.1(a), which provides that "[e]ach material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the facts finds support…".

- 2 -

1  violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement

2  should include only those facts that the Court needs to decide the motion."

3        7.     Sun Life does not controvert the facts set forth in Paragraph 7 of Plf's SOF.

4        8.     The facts set forth in Paragraph 8 of Plf's SOF violate the mandate of Local

5  Rule 56.1(a) which provides that "[t]he separate statement should include only those facts

6  that the Court needs to decide the motion."

7        9.     The facts set forth in Paragraph 9 of Plf's SOF violate the mandate of Local

8  Rule 56.1(a) which provides that "[t]he separate statement should include only those facts

9  that the Court needs to decide the motion."

10       10.    The facts set forth in Paragraph 10 of Plf's SOF violate the mandate of

11  Local Rule 56.1(a) which provides that "[t]he separate statement should include only

12  those facts that the Court needs to decide the motion."

13       11.    The facts set forth in Paragraph 11 of Plf's SOF violate the mandate of

14  Local Rule 56.1(a) which provides that "[t]he separate statement should include only

15  those facts that the Court needs to decide the motion."

16       12.    The facts set forth in Paragraph 12 of Plf's SOF violate the mandate of

17  Local Rule 56.1(a) which provides that "[t]he separate statement should include only

18  those facts that the Court needs to decide the motion."

19       13.    Sun Life does not controvert the facts set forth in Paragraph 13 of Plf's

20  SOF.

21  **III.    ANDERSON IS PERMANENTLY PARTIALLY DISABLED FOR

22          WORKERS COMPENSATION FROM A JULY 2008 WORK RELATED

23          INJURY[3]**

---

[3] The section headings included in Plaintiff's Statement of Facts in Support of Plaintiff's Motion for Summary Judgment violate Local Rule 56.1(a), which provides that "[e]ach material fact in the separate statement must be set forth in a separately numbered

- 3 -

1   14.     Sun Life does not controvert the facts set forth in Paragraph 14 of Plf's
2 SOF.
3   15.     Sun Life does not controvert the facts set forth in Paragraph 15 of Plf's
4 SOF.
5   16.     The facts set forth in Paragraph 16 of Plf's SOF violate the mandate of
6 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
7 those facts that the Court needs to decide the motion."
8   17.     The facts set forth in Paragraph 17 of Plf's SOF violate the mandate of
9 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
10 those facts that the Court needs to decide the motion."
11   17A.    The facts set forth in Paragraph 17A of Plf's SOF violate the mandate of
12 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
13 those facts that the Court needs to decide the motion."
14   18.     The facts set forth in Paragraph 18 of Plf's SOF violate the mandate of
15 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
16 those facts that the Court needs to decide the motion."
17   19.     The facts set forth in Paragraph 19 of Plf's SOF violate the mandate of
18 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
19 those facts that the Court needs to decide the motion."
20   20.     Sun Life does not controvert the facts set forth in Paragraph 20 of Plf's
21 SOF.

---

paragraph and must refer to a specific admissible portion of the record where the facts finds support…".

- 4 -

21. The facts set forth in Paragraph 21 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

22. The facts set forth in Paragraph 22 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

23. The facts set forth in Paragraph 23 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

24. The facts set forth in Paragraph 24 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

25. Sun Life controverts Plaintiff's assertion that the Industrial Commission of Arizona award recognized that Anderson was permanently injured and could not return to the physical level of her RN occupation.

IV. **ANDERSON SEEKS ASSISTANCE FROM HER EMPLOYER NMC IN 2009[4]**

26. The facts set forth in Paragraph 26 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

---

[4] The section headings included in Plaintiff's Statement of Facts in Support of Plaintiff's Motion for Summary Judgment violate Local Rule 56.1(a), which provides that "[e]ach material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the facts finds support…".

- 5 -

27.     The facts set forth in Paragraph 27 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

28.     The facts set forth in Paragraph 28 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

28A.   The facts set forth in Paragraph 28A of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

## V.   ANDERSON CONTACTS SUN LIFE AND APPLIES FOR DISABILITY BENEFITS[5]

29.     The facts set forth in Paragraph 29 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

30.     The facts set forth in Paragraph 30 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

31.     The facts set forth in Paragraph 31 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

---

[5] The section headings included in Plaintiff's Statement of Facts in Support of Plaintiff's Motion for Summary Judgment violate Local Rule 56.1(a), which provides that "[e]ach material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the facts finds support…".

- 6 -

32. The facts set forth in Paragraph 32 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

33. The facts set forth in Paragraph 33 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

34. The facts set forth in Paragraph 34 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

35. The facts set forth in Paragraph 35 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

**VI. ANDERSON'S DISABILITY CLAIM WITH SUN LIFE IS TREATED EXCLUSIVELY AS A STD CLAIM AND NEVER CONSIDERED FOR LTD[6]**

36. The facts set forth in Paragraph 36 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

37. The facts set forth in Paragraph 37 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

---

[6] The section headings included in Plaintiff's Statement of Facts in Support of Plaintiff's Motion for Summary Judgment violate Local Rule 56.1(a), which provides that "[e]ach material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the facts finds support…".

1      38.     The facts set forth in Paragraph 38 of Plf's SOF violate the mandate of
2 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
3 those facts that the Court needs to decide the motion."

4      39.     The facts set forth in Paragraph 39 of Plf's SOF violate the mandate of
5 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
6 those facts that the Court needs to decide the motion."

7      40.     The facts set forth in Paragraph 40 of Plf's SOF violate the mandate of
8 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
9 those facts that the Court needs to decide the motion."

10      41.     The facts set forth in Paragraph 41 of Plf's SOF violate the mandate of
11 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
12 those facts that the Court needs to decide the motion."

13      41A.    The facts set forth in Paragraph 41A of Plf's SOF violate the mandate of
14 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
15 those facts that the Court needs to decide the motion."

16      42.     The facts set forth in Paragraph 42 of Plf's SOF violate the mandate of
17 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
18 those facts that the Court needs to decide the motion."

19      43.     The facts set forth in Paragraph 43 of Plf's SOF violate the mandate of
20 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
21 those facts that the Court needs to decide the motion."

22      44.     The facts set forth in Paragraph 44 of Plf's SOF violate the mandate of
23 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
24 those facts that the Court needs to decide the motion."

1       45.    The facts set forth in Paragraph 45 of Plf's SOF violate the mandate of
2 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
3 those facts that the Court needs to decide the motion."

4       46.    The facts set forth in Paragraph 46 of Plf's SOF violate the mandate of
5 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
6 those facts that the Court needs to decide the motion."

7       47.    The facts set forth in Paragraph 47 of Plf's SOF violate the mandate of
8 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
9 those facts that the Court needs to decide the motion."

10      48.    The facts set forth in Paragraph 48 of Plf's SOF violate the mandate of
11 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
12 those facts that the Court needs to decide the motion."

13      49.    The facts set forth in Paragraph 49 of Plf's SOF violate the mandate of
14 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
15 those facts that the Court needs to decide the motion."

16      50.    The facts set forth in Paragraph 50 of Plf's SOF violate the mandate of
17 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
18 those facts that the Court needs to decide the motion."

19      51.    The facts set forth in Paragraph 51 of Plf's SOF violate the mandate of
20 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
21 those facts that the Court needs to decide the motion."

22      52.    The facts set forth in Paragraph 52 of Plf's SOF violate the mandate of
23 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
24 those facts that the Court needs to decide the motion."

25

53. The facts set forth in Paragraph 53 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

54. The facts set forth in Paragraph 54 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

54A. The facts set forth in Paragraph 54A of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

55. The facts set forth in Paragraph 55 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

56. The facts set forth in Paragraph 56 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

57. The facts set forth in Paragraph 57 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

**VII. ANDERSON REQUESTS INFORMATION BEGINNING 2009 FROM SUN LIFE, HER EMPLOYER, AND PLAN ADMINISTRATOR TO ASSIST HER IN HER DISABILITY CLAIMS PROCEDURE[7]**

---

[7] The section headings included in Plaintiff's Statement of Facts in Support of Plaintiff's Motion for Summary Judgment violate Local Rule 56.1(a), which provides that "[e]ach material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the facts finds support…".

1     58.    Sun Life controverts paragraph 58 of Plf's SOF to the extent that it suggest
2 that Plaintiff made a qualifying request for documents pursuant to 29 U.S.C. § 1132(c).

3     59.    The facts set forth in Paragraph 59 of Plf's SOF violate the mandate of
4 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
5 those facts that the Court needs to decide the motion."

6     60.    The facts set forth in Paragraph 60 of Plf's SOF violate the mandate of
7 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
8 those facts that the Court needs to decide the motion."

9     61.    The facts set forth in Paragraph 61 of Plf's SOF violate the mandate of
10 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
11 those facts that the Court needs to decide the motion."

12     62.    The facts set forth in Paragraph 62 of Plf's SOF violate the mandate of
13 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
14 those facts that the Court needs to decide the motion."

15     63.    The facts set forth in Paragraph 63 of Plf's SOF violate the mandate of
16 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
17 those facts that the Court needs to decide the motion."

18     64.    The facts set forth in Paragraph 64 of Plf's SOF violate the mandate of
19 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
20 those facts that the Court needs to decide the motion."

21     65.    The facts set forth in Paragraph 65 of Plf's SOF violate the mandate of
22 Local Rule 56.1(a) which provides that "[t]he separate statement should include only
23 those facts that the Court needs to decide the motion."

24
25

## VIII. CONTINUITY OF COVERAGE FOR NMC EMPLOYEES[8]

66. The facts set forth in Paragraph 66 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

67. Sun Life does not controvert the facts set forth in Paragraph 67 of Plf's SOF.

68. Sun Life does not controvert the facts set forth in Paragraph 68 of Plf's SOF.

69. Sun Life controverts Plaintiff's statement that she was insured under the LTD Policy continuously before and after January 1, 2009. Sun Life affirmatively asserts that the effective date of the Sun Life Policy was January 1, 2009; therefore, no one was an insured and there was no coverage under the Sun Life Policy prior to that date. *See* Sun Life's Statement of Facts in Support of Its Motion for Summary Judgment ("Sun Life's SOF") at ¶ 1, Ex. A.

70. The facts set forth in Paragraph 70 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

71. Sun Life does not controvert the facts set forth in Paragraph 71 of Plf's SOF.

---

[8] The section headings included in Plaintiff's Statement of Facts in Support of Plaintiff's Motion for Summary Judgment violate Local Rule 56.1(a), which provides that "[e]ach material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the facts finds support…".

72. The facts set forth in Paragraph 72 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

73. Anderson's statement that she did not receive LTD benefits under Aetna's NMC Policy is not supported by the cited documents.

74. Sun Life controverts the statements made in Paragraph 74 of Plf's SOF as the quoted language comes from the Summary of Coverage, not from the Aetna Policy itself.

75. The statements set forth in Paragraph 75 of Plf's SOF are not supported by the cited documents.

76. Sun Life controverts the statements made in Paragraph 76 of Plf's SOF as the quoted language comes from the Summary of Coverage, not from the Aetna Policy itself.

### IX. ANDERSON ACCEPTS EMPLOYMENT AT NMC WHICH IS NOT A "GAINFUL OCCUPATION" AS DEFINED UNDER THE RELEVANT CONTRACT OF DISABILITY[9]

77. The facts set forth in Paragraph 77 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

---

[9] The section headings included in Plaintiff's Statement of Facts in Support of Plaintiff's Motion for Summary Judgment violate Local Rule 56.1(a), which provides that "[e]ach material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the facts finds support…".

- 13 -

1       78. Sun Life controverts Paragraph 78 of Plf's SOF. It is undisputed that Plaintiff began work as a Patient Satisfaction Representative on April 19, 2009. *See* Sun Life's SOF at ¶ 16.

      79. The facts set forth in Paragraph 79 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

      80. The facts set forth in Paragraph 80 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion." Moreover, Paragraph 80 of Plf's SOF contains Plaintiff's opinion which is not supported by any admissible evidence.

      81. The facts set forth in Paragraph 81 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

      82. The facts set forth in Paragraph 82 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

      83. The facts set forth in Paragraph 83 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

**X. ANDERSON REQUIRES SHOULDER SURGERY IN 2010 AND FILES FOR DISABILITY WITH SUN LIFE[10]**

---

[10] The section headings included in Plaintiff's Statement of Facts in Support of Plaintiff's Motion for Summary Judgment violate Local Rule 56.1(a), which provides that "[e]ach material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the facts finds support…".

- 14 -

84. The facts set forth in Paragraph 84 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

85. Sun Life has no response to Paragraph 85 of Plf's SOF.

86. The facts set forth in Paragraph 86 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

87. The facts set forth in Paragraph 87 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

88. The facts set forth in Paragraph 88 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

XI. **ANDERSON RECEIVED THE AETNA LTD POLICY WHICH WAS IN FORCE IN 2008 IN APRIL 2011**[11]

89. The facts set forth in Paragraph 89 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

90. The facts set forth in Paragraph 90 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

---

[11] The section headings included in Plaintiff's Statement of Facts in Support of Plaintiff's Motion for Summary Judgment violate Local Rule 56.1(a), which provides that "[e]ach material fact in the separate statement must be set forth in a separately numbered paragraph and must refer to a specific admissible portion of the record where the facts finds support…".

1
2
3
    91.    The facts set forth in Paragraph 91 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

4
5
6
    92.    The facts set forth in Paragraph 92 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

7
8
9
    93.    The facts set forth in Paragraph 93 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

10
11
12
    94.    The facts set forth in Paragraph 94 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

13
14
15
    95.    The facts set forth in Paragraph 95 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

16
17
18
    96.    The facts set forth in Paragraph 96 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

19
20
21
    97.    The facts set forth in Paragraph 97 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

22
23
24
    98.    The facts set forth in Paragraph 98 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

25

99. The facts set forth in Paragraph 99 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

100. The facts set forth in Paragraph 100 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

101. Sun Life does not controvert Paragraph 101 of Plf's SOF.

102. The facts set forth in Paragraph 102 of Plf's SOF violate the mandate of Local Rule 56.1(a) which provides that "[t]he separate statement should include only those facts that the Court needs to decide the motion."

DATED this 22nd day of April, 2013.

**KUNZ PLITT
HYLAND & DEMLONG**
A Professional Corporation


By    s/Aeryn Heidemann
   William M. Demlong
   Aeryn Heidemann
   3838 N. Central Avenue
   Suite 1500
   Phoenix, Arizona 85012-1902
   Attorneys for Defendant Sun Life
   Assurance Co. of Canada

**CERTIFICATE OF SERVICE**

I hereby certify that on 22nd day of April, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Barry Kirschner, Esq.
Waterfall, Economidis, Caldwell,
Hanshaw & Villamana, P.C.
5210 East Williams Circle, #800
Tucson, AZ 85711
Attorneys for Plaintiff

James S. Christie, Jr.
Jessica L. Jones
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, Alabama 35203
Attorneys for Defendant CHS/Community Health Systems, Inc.

        s/Cindy Noeding